
FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE FEB 0 4 2016
CHIEF JUSTICE


This opinion was filed for record
at 8:00 AM on Feb. 4, 2016

Ronald R. Carpenter
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

|  |  |
|---|---|
| STATE OF WASHINGTON, | NO. 91193-2 |
| Respondent, | |
| v. | EN BANC |
| JOHNNY DALE FULLER, | |
| Petitioner. | Filed FEB 0 4 2016 |

STEPHENS, J.—Petitioner Johnny Dale Fuller was charged with two counts of assault in the second degree, each count presenting an alternative means of committing the offense. The jury acquitted Fuller of one count and deadlocked on the other. The trial court declared a mistrial on that count, and the State sought to retry Fuller. Fuller moved to dismiss, arguing that retrial would subject him to reprosecution for the same offense after an acquittal, in violation of double jeopardy. The superior court denied Fuller's motion, and the Court of Appeals affirmed. We hold that jeopardy never terminated as to the count the State seeks to retry, and that the jury's acquittal on the other count is of no consequence. Because retrial does not implicate double jeopardy, we affirm the Court of Appeals.

FACTS AND PROCEDURAL HISTORY

Fuller was charged with two counts of assault in the second degree, one count of trafficking in stolen property in the first degree, and one count of possession of stolen property in the third degree.[1] The charges arose from an incident in which Fuller allegedly hit Robert Scott with an aluminum baseball bat after Scott and another person confronted Fuller about allegedly stealing neighborhood children's bicycles. Count I charged assault in the second degree based on use of a deadly weapon, in violation of RCW 9A.36.021(1)(c). Count II charged assault in the second degree based on "recklessly inflict[ing] substantial bodily harm" in violation of RCW 9A.36.021(1)(a). Clerk's Papers (CP) at 52. Both assault charges arose from the same act, in which Fuller allegedly struck Scott on the outer left arm with a baseball bat. The parties agree the two counts represent alternative means of committing second degree assault.

The trial court instructed the jury that a separate crime was charged in each count, and that its verdict on one count did not control the verdict on any other count. Although the jury was given an alternative means instruction for assault in the second degree,[2] it was also given separate instructions for counts I and II, which specifically listed the elements the State had to prove to convict on each of those counts. The instructions for counts I and II clearly explained that to convict, the jury must find the evidence proved each element beyond a reasonable doubt.

---

[1] The jury acquitted Fuller of both property charges, and they are not at issue here.
[2] Jury instruction 5 provided, "A person commits the crime of Assault in the Second Degree when he: 1) intentionally assaults another and thereby recklessly inflicts substantial bodily harm, or 2) assaults another with a deadly weapon." CP at 80.

The jury found Fuller not guilty of count II (substantial bodily harm) but was unable to reach a verdict as to count I (deadly weapon). With counsels' agreement, the court declared a mistrial as to count I due to a hung jury.

The State sought to retry Fuller on count I. Fuller moved to dismiss, arguing that reprosecution of assault *on any theory* violated his right to be free from double jeopardy under the Fifth Amendment to the United States Constitution and article I, section 9 of the Washington State Constitution. The trial court denied the motion. Fuller appealed, and Division One of the Court of Appeals affirmed. *State v. Fuller*, noted at 184 Wn. App. 1045 (2014). Fuller petitioned this court for review, which we granted. *State v. Fuller*, 183 Wn.2d 1007, 352 P.3d 187 (2015).

## ANALYSIS

The United States Constitution and the Washington State Constitution protect individuals from being twice put in jeopardy for the same offense. U.S. CONST. amend. V ("nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb"); WASH. CONST. art. I, § 9 ("No person shall . . . be twice put in jeopardy for the same offense."). "The double jeopardy doctrine protects a criminal defendant from being (1) prosecuted a second time for the same offense after acquittal, (2) prosecuted a second time for the same offense after conviction, and (3) punished multiple times for the same offense." *State v. Linton*, 156 Wn.2d 777, 783, 132 P.3d 127 (2006). "The prohibition against double jeopardy applies when (1) jeopardy previously attached, (2) jeopardy was terminated, and (3) the defendant is again prosecuted for the same offense." *State v. George*, 160 Wn.2d 727, 741, 158 P.3d 1169

(2007). This court reviews double jeopardy claims de novo. *See State v. Jackman*, 156 Wn.2d 736, 746, 132 P.3d 136 (2006).

Fuller argues that prosecuting him again for assault in the second degree violates the constitutional bar on reprosecuting the same offense after acquittal. Suppl. Br. of Pet'r at 4. He reasons that counts I and II were alternative means of committing a single assault, and that he was acquitted of committing that assault. Although Fuller is correct that the State may not reprosecute count II—the count on which he was acquitted—he is incorrect regarding reprosecution of the other charged means. Jeopardy did not terminate on count I specifically or on the overall offense of second degree assault. The State may therefore retry Fuller on count I without implicating double jeopardy.

*Retrial on Count I Does Not Implicate Double Jeopardy Because Jeopardy Did Not Terminate on That Count or on the Assault Offense*

The second degree assault statute, RCW 9A.36.021, articulates a single criminal offense and currently provides seven[3] separate subsections defining how the offense may be committed. *State v. Smith*, 159 Wn.2d 778, 784, 154 P.3d 873 (2007); *see also* RCW 9A.36.021(1)(a)-(g). Although Fuller was charged with two separate counts, whether a case involves separate counts based on alternative means or a single count with two alternative means does not change the double jeopardy analysis.[4] In *Sanabria v. United States*, the United States Supreme Court stated, "The precise manner in

---

[3] Since *Smith*, the legislature added subsection (g), which includes strangulation and suffocation. LAWS OF 2007, ch. 79, § 2; LAWS OF 2011, ch. 166, § 1.

[4] Because Fuller did not object to the State charging the alternative means in separate counts, we do not consider whether this unusual method of charging a single assault implicates issues other than double jeopardy.

which an indictment is drawn cannot be ignored, because an important function of the indictment is to ensure that, 'in case any other proceedings are taken against [the defendant] for a similar offence, . . . the record [will] sho[w] with accuracy to what extent he may plead a former acquittal or conviction.'" 437 U.S. 54, 65-66, 98 S. Ct. 2170, 57 L. Ed. 2d 43 (1978) (alterations in original) (quoting *Cochran v. United States*, 157 U.S. 286, 290, 15 S. Ct. 628, 39 L. Ed. 704 (1895)). However, as this court explained in *State v. Wright*, "[a] defendant charged and tried under multiple statutory alternatives experiences the same jeopardy as one charged and tried on a single theory. The defendant is in jeopardy of a single conviction and subject to a single punishment, whether the State charges a single alternative or several." 165 Wn.2d 783, 801, 203 P.3d 1027 (2009).[5] For purposes of this double jeopardy analysis, it does not matter that the State charged Fuller with alternative means of committing the same crime in separate counts because ultimately he was charged with one offense. *See Smith*, 159 Wn.2d at 784.

The situation here is analogous to one in which a reviewing court reverses a conviction due to insufficient evidence of one alternative means of committing an offense, but remands for retrial on the remaining, valid, means. In *State v. Ramos*, we explained the alternative means principle:

> The alternative means principle dictates that when a jury renders a guilty verdict as to a single crime, but one of the alternative means for committing that crime is later held to be invalid on appeal and the record does not establish that

---

[5] Fuller relies on this language to support his argument that an acquittal on one means of committing an offense is an acquittal of the entire offense, barring retrial. *See* Suppl. Br. of Pet'r at 8. As explained in this section, Fuller's reliance is misplaced because in his case jeopardy did not terminate as to the offense overall.

> the jury was unanimous as to the valid alternative in rendering its verdict, double jeopardy does not bar retrial on the remaining, valid alternative mean.

163 Wn.2d 654, 660, 184 P.3d 1256 (2008).

This principle holds true "even when one alternative mean has been reversed on appeal due to a finding of insufficient evidence, a finding that has the same double jeopardy implications as an outright acquittal in other circumstances." *Id.* at 661. For double jeopardy purposes, a reversal for insufficient evidence is equivalent to an acquittal "because it means 'no rational factfinder could have voted to convict' on the evidence presented." *Wright*, 165 Wn.2d at 792 (quoting *Tibbs v. Florida*, 457 U.S. 31, 40-41, 102 S. Ct. 2211, 72 L. Ed. 2d 652 (1982)). Generally, an acquittal is a final adjudication that terminates jeopardy, thereby triggering double jeopardy protections and barring retrial for the same offense. *See id.* at 791-92; *State v. Ahluwalia*, 143 Wn.2d 527, 538, 22 P.3d 1254 (2001) (explaining mistrial due to a hung jury does not terminate double jeopardy because double jeopardy "require[s] a final adjudication to bar retrial of a charge"). However, in alternative means cases where a conviction is reversed because one means lacks sufficient evidence (the functional equivalent of an acquittal), this court has remanded for a new trial based on the remaining valid means for which jeopardy never terminated. *See State v. Garcia*, 179 Wn.2d 828, 318 P.3d 266 (2014); *State v. Green*, 94 Wn.2d 216, 616 P.2d 628 (1980).

Our decision in *Garcia* guides our reasoning here. In *Garcia*, the defendant was convicted of first degree kidnapping, second degree burglary, and first degree criminal trespass. 179 Wn.2d at 832. Relevant here, Garcia challenged his kidnapping conviction, arguing there was "insufficient evidence to support each of the alternative

means of kidnapping presented to the jury." *Id.* This court agreed, finding there was insufficient evidence to support two of the three alternative means. *Id.* at 843. The court reversed Garcia's conviction, but remanded for a new trial on the remaining third valid alternative means. *Id.* at 844 (noting that where "'it is impossible *to rule out the possibility* the jury relied on a charge unsupported by sufficient evidence . . . [;] a defendant . . . is entitled only to a new trial, not an outright acquittal, unless the record shows the evidence was insufficient to convict on any charged alternative'" (quoting *Wright*, 165 Wn.2d at 803 n.12)). Although the State was not allowed to retry Garcia on the two means the court found unsupported by sufficient evidence, the State was permitted to retry Garcia on the third means for which sufficient evidence existed. *See id.*

The same principle applies here. Clearly, jeopardy never terminated as to the count on which the jury deadlocked, even though it terminated with respect to the count on which the jury acquitted. *Cf., e.g., State v. Russell*, 101 Wn.2d 349, 351, 678 P.2d 332 (1984) (double jeopardy does not prevent retrial after a hung jury). As this court recognized in *Ramos*, reversal on an alternative means unsupported by sufficient evidence "has the same double jeopardy implications as an outright acquittal." 163 Wn.2d at 661. Because jeopardy did not terminate on count I, the State may retry Fuller on the deadly weapon means of committing assault in the second degree without violating double jeopardy. The Hawaii Supreme Court recognized this outcome under similar circumstances. *See State v. Dow*, 72 Haw. 56, 806 P.2d 402, 406 (1991)

(holding no double jeopardy violation when the State retried the defendant on one means of committing driving under the influence after the jury hung on that means).

The double jeopardy principles that apply in the context of lesser included offenses also apply to alternative means crimes. For double jeopardy purposes, a lesser included offense is the "same offense" as the greater offense. *See Brown v. Ohio*, 432 U.S. 161, 168-69, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977). Where an individual is acquitted of the greater offense but the jury is declared hung on the lesser included offense, retrial of that lesser included offense is permitted and does not violate double jeopardy. *See, e.g., Russell*, 101 Wn.2d at 351-52 (holding retrial of lesser included offense of intentional second degree murder not barred by double jeopardy where petitioner was acquitted of premeditated first degree murder but the jury deadlocked on the lesser included offense); *Ahluwalia*, 143 Wn.2d at 540 (holding double jeopardy does not prohibit retrial of petitioner for second degree murder "following a mistrial in the first trial after the jury acquitted him of murder in the first degree and was unable to reach a verdict on the lesser charge of murder in the second degree").

In this case, the jury acquitted Fuller of one means of committing assault and deadlocked on the other. As in cases in which the jury acquits the defendant of the greater crime but is hung on the lesser included offense—the "same crime" for double jeopardy purposes—Fuller may be retried on the means on which the jury could not agree. Jeopardy as to that means, and for the crime as a whole, has not terminated.

It is important to recognize that Fuller could not have reasonably relied on the jury's acquittal as terminating jeopardy for second degree assault because it took place

-8-

at the same time the jury deadlocked on the same offense. All of the charges were brought in one trial, before one jury. In one proceeding, the jury simultaneously acquitted Fuller on one means of committing an offense and was hung on the other means. Fuller stands in the same position as a defendant who is simultaneously acquitted and convicted of the same offense under two subsections of a statute. He cannot reasonably rely on an acquittal on one means as being sufficient to terminate jeopardy for the overall offense when the jury simultaneously deadlocked on the other means. *See Williams v. Warden*, 422 F.3d 1006 (9th Cir. 2005) (holding double jeopardy is not violated when an individual is simultaneously acquitted and convicted of driving under the influence of a controlled substance and proximately causing death).

*Fuller's Reliance on* Sanabria *and* Wright *Is Misplaced*

Fuller relies heavily on *Sanabria* and *Wright* for the proposition that an acquittal on one means of committing assault in the second degree is "'an absolute bar to any further prosecution.'" Suppl. Br. of Pet'r at 8 (quoting *Sanabria*, 437 U.S. at 73). Fuller's reliance on both cases is misplaced. Fuller's case is distinguishable from *Sanabria* because Fuller's acquittal and mistrial occurred in a single proceeding, and because Fuller was never acquitted of the crime of assault in the second degree. Regarding *Wright*, the language Fuller relies on is overbroad dicta.

In *Sanabria*, a single-count indictment charged the defendant with involvement in an illegal gambling business that concerned numbers betting and horse betting. 437 U.S. at 57. The trial court struck all evidence of the numbers betting because the indictment laid out the wrong section of state law. *Id.* at 58-59. With evidence of the

numbers betting excluded, the defendant moved for a judgment of acquittal, "arguing that there was no evidence of his connection with horse-betting activities." *Id.* at 59. The trial court granted the motion, finding that the government had not presented sufficient evidence to connect Sanabria with the horse-betting operation. *Id.* The trial court then entered a judgment of acquittal on the single count of being engaged in an illegal gambling business. *Id.* at 59, 66-67. The government sought to retry the defendant on that portion of the indictment related to numbers betting. *Id.* at 61. Because the acquittal was on the count as a whole, however, the United States Supreme Court held that the defendant could not be retried on a different basis of liability for engaging in the gambling business. *Id.* at 72-73. As Fuller highlights, the Court held that an acquittal on one means of committing the crime charged barred future prosecution on a different means of committing the same offense. Suppl. Br. of Pet'r at 8 (quoting *Sanabria*, 437 U.S. at 72-73).

Fuller's case is distinguishable from *Sanabria* in two key ways. First, in *Sanabria*, the Court was contemplating a new prosecution after a full acquittal. It prohibited "*further* prosecution for participation in that [gambling] business," because there was an acquittal on an *element* of the crime which the current and future crimes would share. 437 U.S. at 73 (emphasis added). *Sanabria* thus concerned the collateral estoppel element of double jeopardy preventing future prosecution of new charges. However, in Fuller's case there is no new prosecution. The State brought its charges in one prosecution, for which there was a simultaneous acquittal and mistrial. The retrial the State seeks is not "further" prosecution; it is continued prosecution of the same

charge on which the jury was declared hung. *Cf. Williams*, 422 F.3d at 1011 (noting, "*Sanabria* . . . protects Williams from further prosecution on the same offense under a different theory, but it does not apply in this case, where the two theories of culpability were presented to the same jury simultaneously" and the jury convicted on one theory and acquitted on the other).

Second, in *Sanabria*, the trial court acquitted "on the entire count and found petitioner not guilty of the crime of violating 18 U.S.C. § 1955 (1976 ed.), without specifying that it did so only with respect to one theory of liability." 437 U.S. at 66-67. The judgment of acquittal was for the crime as a whole. In contrast, the jury acquitted Fuller of only one means of committing assault in the second degree. Two means of committing the same offense were presented to the jury: assault causing substantial bodily harm and assault with a deadly weapon. Although it is clear that the jury acquitted Fuller of committing assault by substantial bodily harm, it is equally clear the jury did not acquit him of assault with a deadly weapon. Thus, Fuller was not acquitted of the offense as a whole.

Fuller's reliance on *Wright* is likewise ineffectual. Fuller depends specifically on this statement in *Wright*: "When a proceeding ends in an undisturbed verdict or verdict equivalent on any alternative, the State may not prosecute the defendant on any other means of committing the same offense." 165 Wn.2d at 802. *Wright* cites *Sanabria* for this proposition, *id.*, but it is clearly an overstatement of *Sanabria*'s

holding.[6] As explained, *Sanabria* is distinguishable because it contemplated further prosecution after a full acquittal on the offense as a whole.

Furthermore, recent case law undermines the dicta in *Wright*. In *Garcia*, the court found insufficient evidence to support two of the three presented alternative means of committing kidnapping. 179 Wn.2d at 843. Although that finding is functionally equivalent to an acquittal for double jeopardy purposes, *see Ramos*, 163 Wn.2d at 661, the court allowed retrial on the remaining alternative means. *Garcia*, 179 Wn.2d at 843-44. The court held that retrying the defendant on a different alternative means, even after a functional acquittal on other means of committing that same offense, did not violate the prohibition against double jeopardy.

Fuller was charged with alternative means of committing assault in the second degree, each means presented in a different count. The jury acquitted him of one means and was declared hung on the other. Jeopardy thus terminated as to only one means of committing the offense; it did not terminate as to the offense overall or as to the means on which the jury could not agree. Because jeopardy never terminated as to the offense as a whole, retrying Fuller on the means on which the jury deadlocked does not implicate double jeopardy.

---

[6] This statement is also dicta. It was not necessary to the court's decision in *Wright*, permitting retrial despite the jury having returned a general guilty verdict after the conviction was overturned due to the jury being instructed on a legally invalid means. 165 Wn.2d at 788-89; *see generally Ruse v. Dep't of Labor & Indus.*, 138 Wn.2d 1, 8-9, 977 P.2d 570 (1999) (explaining dicta as legal statement not necessary to holding).

## CONCLUSION

We hold that when the State charges alternative means of committing an offense in separate counts and the jury acquits on one count but deadlocks on the other, the State may retry the defendant on the count on which the jury was declared hung. Retrial on that count does not violate the prohibition against double jeopardy because jeopardy never terminated as to that count or as to the overall offense. We affirm.

_____ Stephens, J.

WE CONCUR:

_____ Madsen, C.J.

_____ Wiggins, J.

_____ Johnson, J.

_____ González, J.

_____ Owens, J.

_____ Gordon McCloud, J.

_____ Fairhurst, J.

_____ Yu, J.