## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48384-0-II |
| Petitioner, | |
| v. | |
| DARCUS DEWAYNE ALLEN, | PUBLISHED OPINION |
| Respondent. | |

MELNICK, J. — At issue in this case is whether the trial court properly dismissed the State's allegations of aggravating circumstances under chapter 10.95 RCW on double jeopardy grounds. The State charged Darcus DeWayne Allen with four counts of premeditated murder in the first degree and alleged two statutory aggravating circumstances under RCW 10.95.020 (aggravating circumstances).[1]  The jury unanimously found that the State had not proved the aggravating circumstances beyond a reasonable doubt, but found Allen guilty of the murder charges.

---

[1] The State also filed aggravating circumstances under former RCW 9.94A.535 (2010), which, if found by a jury beyond a reasonable doubt, would allow the trial court to impose an exceptional sentence.  Those aggravating circumstances are not at issue in this discretionary review.

After the Supreme Court reversed Allen's convictions, *State v. Allen*, 182 Wn.2d 364, 341 P.3d 268 (2015), the State filed the same aggravating circumstances it had previously filed and which the jury found had not been proved beyond a reasonable doubt.[2]

The trial court granted Allen's motion to dismiss the aggravating circumstances and subsequently denied the State's motion for reconsideration. We granted the State's motion for discretionary review and affirm the trial court.

FACTS

The State charged Allen with four counts of premeditated murder in the first degree with aggravating circumstances. A jury found Allen guilty of the murder charges, but found that the State had not proved the aggravating circumstances beyond a reasonable doubt.

The trial court individually polled each juror. It asked each juror, "Is this your verdict?" and "Is it the verdict of the jury?" Clerk's Papers at 148. Every juror answered in the affirmative. The trial court imposed an exceptional sentence above the standard range for the crime of premeditated murder in the first degree. Allen appealed. His convictions were reversed based on prosecutorial misconduct. *Allen*, 182 Wn.2d at 387.

On remand, the State did not seek the death penalty, but it did reallege the same aggravating circumstances that the jury had previously found had not been proved beyond a reasonable doubt.

---

[2] If a jury found that the State had proved either of the aggravating circumstances beyond a reasonable doubt, the defendant would be sentenced "to life imprisonment without possibility of release or parole." RCW 10.95.030. This sentence exceeds the statutory punishment for premeditated murder in the first degree. RCW 9A.32.030, .040.

Allen filed a motion to dismiss the aggravating circumstances based on double jeopardy. The trial court, relying primarily on *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013) (partial plurality opinion), concluded that the aggravating circumstances constituted elements of the crime and that *Alleyne* altered the prior line of cases in Washington as to aggravating circumstances. The court concluded that because the prior jury found that the State had not proved the aggravating circumstances beyond a reasonable doubt, double jeopardy barred the State from retrying them. The court entered an order granting Allen's motion to dismiss the aggravating factors. The trial court then denied the State's motion for reconsideration.

We granted the State's motion for discretionary review as to whether or not the prohibition against double jeopardy barred the State from retrying Allen on the aggravating circumstances. Because the jury's unanimous finding on the aggravating circumstances is an acquittal on them, we conclude the State cannot retry Allen on them. We affirm the trial court.

## ANALYSIS[3]

A number of separate issues are presented in this case. Although they are intertwined, each must be analyzed separately. The ultimate issue we must decide is whether the jury's affirmative finding that the State had not proved the aggravating circumstances beyond a reasonable doubt is an acquittal and double jeopardy bars a retrial on them. We conclude it was an acquittal on the aggravating circumstances and double jeopardy bars a retrial on them.

---

[3] Allen additionally argues that collateral estoppel applies to bar the State from relitigating the aggravating factors under RCW 10.95.020. However, this argument was not raised below and we did not accept review of it; therefore, we will not address it.

I.    AGGRAVATING CIRCUMSTANCES ARE NOT ELEMENTS

The State argues that the trial court erred by treating the aggravating circumstances in RCW 10.95.020 as elements of the charged crime because it is well-settled Washington law that aggravating circumstances relate to sentencing and are not elements of the offense. We agree with the State that the aggravating circumstances are not elements of the crime of premeditated murder in the first degree with aggravating circumstances. However, because they are the functional equivalent of elements, we disagree with the State that the trial court erred by treating them as such.

Chapter 10.95 RCW sets forth the procedures and penalties for premeditated murder in the first degree with aggravating circumstances. If the State charges a defendant with premeditated murder in the first degree, it can also file one or more statutory aggravating circumstances. *State v. Thomas*, 166 Wn.2d 380, 387, 208 P.3d 1107 (2009). If aggravating factors are filed, a jury[4] determines whether the State has proved both the substantive crime and the aggravating circumstance(s). RCW 10.95.050. Only if the jury finds that the State has proved both the substantive crime and the aggravating circumstance(s) beyond a reasonable doubt at the guilt phase will a special sentencing hearing occur. RCW 10.95.050. At the sentencing hearing, the jury will determine whether there are sufficient mitigating circumstances to merit leniency. Depending on the answer, a defendant is sentenced either to death or to life imprisonment without the possibility of release or parole. RCW 10.95.030, .080. If the jury does not find aggravating factors, the defendant is sentenced for the crime of premeditated murder in the first degree.

---

[4] We are aware that under RCW 10.95.050(2), a jury may be waived at the court's discretion with the consent of the defendant and the State. We use the term jury and not fact finder for simplicity.

4

Premeditated murder in the first degree with aggravating circumstances is not a crime in and of itself. The crime is premeditated murder in the first degree, which is accompanied by statutory aggravators.[5] *State v. Roberts*, 142 Wn.2d 471, 501, 14 P.3d 713 (2000).

Aggravating circumstances are "not elements of the crime, but they are 'aggravation of penalty' factors." *State v. Brett*, 126 Wn.2d 136, 154, 892 P.2d 29 (1995) (internal quotation marks omitted) (quoting *State v. Kincaid*, 103 Wn.2d 304, 307, 692 P.2d 823 (1985)). They are sentence enhancers used to "'increase the statutory maximum sentence from life with the possibility of parole to life without the possibility of parole or the death penalty.'" *Thomas*, 166 Wn.2d at 387-88 (quoting *State v. Yates*, 161 Wn.2d 714, 758, 168 P.3d 359 (2007)). In *Yates*, the court rejected the argument that murder in the first degree was a lesser included offense of murder in the first degree with aggravating circumstances. 161 Wn.2d at 761.

II. AGGRAVATING CIRCUMSTANCES ARE THE FUNCTIONAL EQUIVALENT OF ELEMENTS

Our courts have consistently ruled that aggravating circumstances enhancing premeditated murder in the first degree are not elements. *Kincaid*, 103 Wn.2d at 307-10. But the United States Supreme Court has held in numerous cases that factors that raise the penalty for a crime, other than a fact of conviction, are the functional equivalent of elements. In other words, they are akin to elements, must be submitted to a jury, and must be proved beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). None of these cases changed the statutory process utilized in chapter 10.95 RCW. None of these cases involved double jeopardy challenges. But they are necessary to the analysis of why the jury's factual finding on the aggravating circumstances bars a retrial on them.

---

[5] Some of the confusion about this issue may arise because the crime is statutorily called "aggravated first degree murder." RCW 10.95.020.

5

In *Apprendi*, the Court held that any fact that increases the statutory maximum penalty for the charged crime must be proved to a jury beyond a reasonable doubt. 530 U.S. at 490. The Court recognized that this type of sentence enhancement "is the functional equivalent of an element" because it increased the sentence beyond the statutory maximum. *Apprendi*, 530 U.S. at 494 n.19.

*Apprendi* is based on the Sixth Amendment right to a jury trial and the Fourteenth Amendment right to due process. U.S. CONST. amends. VI, XIV. *Apprendi* acknowledged the "constitutionally novel and elusive distinction between 'elements' and 'sentencing factors.'" 530 U.S. at 494. It recognized that "the relevant inquiry is one not of form, but of effect." *Apprendi*, 530 U.S. at 494. *Alleyne* reaffirmed these rules. 133 S. Ct. at 2156 (plurality).

In *Ring v. Arizona*, 536 U.S. 584, 609, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002), the Court held that aggravating factors necessary to impose the death penalty must be submitted to a jury. In quoting *Apprendi*, 530 U.S. at 494 n.19, the Court held that because Arizona's enumerated aggravating factors operate as "'the functional equivalent of an element of a greater offense,'" a jury must decide them. *Ring*, 536 U.S. at 609.

The Court has also applied the general rule that a jury must hear facts that increase the sentence, other than prior convictions, in various situations, including

> plea bargains, *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), sentencing guidelines, *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), criminal fines, *Southern Union Co. v. United States*, 567 U.S. [343], 132 S.Ct. 2344, 183 L.Ed.2d 318 (2012), mandatory minimums, *Alleyne*, [133 S. Ct. at 2166] and, in *Ring*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556, capital punishment.

*Hurst v. Florida*, ___ U.S. ___, 136 S. Ct. 616, 621, 193 L. Ed. 2d 504 (2016).

Washington courts have recognized these changes in a variety of contexts, but in particular in a capital case. In *State v. McEnroe*, the court held that an aggravating circumstance in a death penalty case becomes the functional equivalent of an element of the crime. 181 Wn.2d 375, 382, 333 P.3d 402 (2014).

Based on the foregoing, we conclude that Washington's statutory sentencing scheme under chapter 10.95 RCW remains unchanged. The United States Supreme Court was cognizant of the fact that different sentencing schemes exist in different jurisdictions. None of these cases has overruled or altered our prior jurisprudence in this area. Premeditated murder in the first degree remains a separate crime from premeditated murder in the first degree with aggravating circumstances. The aggravating circumstances are the functional equivalent of elements that must be submitted to the jury and must be proved by the State beyond a reasonable doubt.

III.    DOUBLE JEOPARDY

The State additionally argues that Washington courts have held that double jeopardy protections are not applicable to noncapital sentencing proceedings. Because those cases are factually distinguished from this case, we disagree with this broad assertion. Instead, we conclude that double jeopardy prohibits retrial on the aggravating circumstances that the jury determined the State had not proved beyond a reasonable doubt.

"The double jeopardy clauses of the Fifth Amendment [to the United States Constitution] and [article I, section 9 of the Washington Constitution] protect a defendant against multiple punishments for the same offense." *State v. Calle*, 125 Wn.2d 769, 772, 888 P.2d 155 (1995). Double jeopardy involves questions of law, which we review de novo. *State v. Womac*, 160 Wn.2d 643, 649, 160 P.3d 40 (2007). "'The double jeopardy doctrine protects a criminal defendant from being (1) prosecuted a second time for the same offense after acquittal, (2) prosecuted a second

time for the same offense after conviction, and (3) punished multiple times for the same offense.'" *State v. Fuller*, 185 Wn.2d 30, 33-34, 367 P.3d 1057 (2016) (quoting *State v. Linton*, 156 Wn.2d 777, 783, 132 P.3d 127 (2006) (plurality opinion)). Here, we are dealing with the first prong and deciding whether a unanimous jury verdict finding that the State had not proved aggravated circumstances, the functional equivalent of elements, beyond a reasonable doubt is an acquittal of those aggravating circumstances. A brief survey of case law sheds light on the answer.

In *Bullington v. Missouri*, a jury found Bullington guilty of capital murder in the guilt phase, but returned a sentence of less than death in the penalty phase. 451 U.S. 430, 101 S. Ct. 1852, 68 L. Ed. 2d 270 (1981). After a reversal of the conviction, the State once again sought the death penalty. *Bullington*, 451 U.S. at 436. The Court held that double jeopardy barred a retrial on the death penalty because the jury's sentence in the first case meant it had acquitted the defendant of the factors necessary to impose death. *Bullington*, 451 U.S. at 445-46. The Court based its holding on the fact that the penalty phase required trial-like procedures. *Bullington*, 451 U.S. at 445-46. Here the jury's finding meant that it had acquitted Allen of the circumstances necessary to impose a sentence of either death or life without the possibility of parole or early release.

In *Monge v. California*, the Court explained its earlier decision in *Bullington*:

> When the State announced its intention to seek the death penalty again, the defendant alleged a double jeopardy violation. We determined that the first jury's deliberations bore the "hallmarks of the trial on guilt or innocence," because the jury was presented with a choice between two alternatives together with standards to guide their decision, the prosecution undertook the burden of establishing facts beyond a reasonable doubt, and the evidence was introduced in a separate proceeding that formally resembled a trial. In light of the jury's binary determination and the heightened procedural protections, we found the proceeding distinct from traditional sentencing, in which "it is impossible to conclude that a sentence less than the statutory maximum constitute[s] a decision to the effect that the government has failed to prove its case."

8

524 U.S. 721, 730-31, 118 S. Ct. 2246, 141 L. Ed. 2d 615 (1998) (alteration in original) (citations omitted) (internal quotation marks omitted) (quoting *Bullington*, 451 U.S. at 439, 443) (internal case citations omitted) (internal quotations omitted).

We are mindful that in *Bullington*, the jury found the defendant guilty of capital murder, but here, the jury did not find Allen guilty of capital murder. It found him guilty of premeditated murder in the first degree. As a result, Allen was not eligible for a sentence of life without parole or early release. The jury's finding had all the hallmarks of a trial.

In *Arizona v. Rumsey*, the jury convicted the defendant of armed robbery and murder in the first degree. 467 U.S. 203, 205, 104 S. Ct. 2305, 81 L. Ed. 2d 164 (1984). The trial judge found no presence of aggravating circumstances and sentenced the defendant to life in prison for a minimum of 25 years. *Rumsey*, 467 U.S. at 205-06. The Arizona Supreme Court set aside the sentence and remanded the case for resentencing. *Rumsey*, 467 U.S. at 207. Ultimately, the United States Supreme Court held that the trial court's findings of no aggravating circumstances constituted an acquittal. *Rumsey*, 467 U.S. at 212. The defendant could not be sentenced to death. *Rumsey*, 467 U.S. at 212. The facts in *Rumsey* are similar to the ones we are presented with here.

Additionally, in *Monge*, the Court refused to find a double jeopardy violation where the state court on appeal held that insufficient evidence supported the prior conviction upon which the trial court relied in sentencing the defendant under California's three strikes law. 524 U.S. at 731. In holding that the case could be remanded for a new sentencing hearing where the State could offer evidence on the prior conviction, the Court distinguished this case from one involving the death penalty:

> The penalty phase of a capital trial is undertaken to assess the gravity of a particular offense and to determine whether it warrants the ultimate punishment; it is in many respects a continuation of the trial on guilt or innocence of capital murder. "It is of

9

vital importance" that the decisions made in that context "be, and appear to be, based on reason rather than caprice or emotion."

*Monge*, 524 U.S. at 731-32 (quoting *Gardner v. Florida*, 430 U.S. 349, 358, 97 S. Ct. 1197, 51 L. Ed. 2d 393 (1977)).

Monge's case involved California's three strikes law and proof of the defendant's criminal history. *Monge*, 524 U.S. 721.[6] As pointed out previously, proof of a prior conviction does not involve proving the functional equivalent of an element. *Apprendi*, 530 U.S. at 490. In fact, after appellate review in Washington, "the parties shall have the opportunity [at resentencing] to present and the court to consider all relevant evidence regarding criminal history, including criminal history not previously presented." RCW 9.94A.530(2). In contrast, Allen's jury determined that the State had not proved the aggravating circumstances, the functional equivalent of elements of the crime, beyond a reasonable doubt Because of Washington's statutory scheme under chapter 10.95 RCW, the enhanced penalty only comes into play if the jury finds the defendant guilty of premeditated murder in the first degree with aggravating circumstances. It mandates that a jury first must determine whether the State has proved the functional equivalent of the elements beyond a reasonable doubt.

In *Sattazahn v. Pennsylvania*, the jury found the defendant guilty of murder in the guilt phase of the trial. 537 U.S. 101, 103, 123 S. Ct. 732, 154 L. Ed. 2d 588 (2003). The case then proceeded to the penalty phase where the state alleged one aggravating factor and the defendant presented mitigating evidence. *Sattazahn*, 537 U.S. at 103-04. After the jury was hopelessly deadlocked, the trial court dismissed the jury and sentenced the defendant to life imprisonment per the existing law. *Sattazahn*, 537 U.S. at 104-05. The defendant appealed and the state appellate

---

[6] We note that in *Monge*, the parties and the courts did not address whether the recidivism enhancement constituted an element of the offense. 524 U.S. at 728.

10

court reversed his murder conviction. *Sattazahn*, 537 U.S. at 105. On remand, the State again filed a death penalty notice. *Sattazahn*, 537 U.S. at 105. It alleged two aggravating factors. *Sattazahn*, 537 U.S. at 105. The trial court denied the defendant's motion to disallow the State from filing the aggravating factors. *Sattazahn*, 537 U.S. at 105. The Court held that no double jeopardy violation occurred because

> the touchstone for double-jeopardy protection in capital-sentencing proceedings is whether there has been an "acquittal." Petitioner here cannot establish that the jury or the court "acquitted" him during his first capital-sentencing proceeding. As to the jury: The verdict form returned by the foreman stated that the jury deadlocked 9-to-3 on whether to impose the death penalty; it made no findings with respect to the alleged aggravating circumstance. That result—or more appropriately, that non-result—cannot fairly be called an acquittal "based on findings sufficient to establish legal entitlement to the life sentence."

*Sattazahn*, 537 U.S. at 109 (quoting *Rumsey*, 467 U.S. at 211).

*Sattazahn* is factually distinguishable from our case. There, the jury did not unanimously make a finding as to the aggravating circumstance. In our case, Allen's jury made that finding. We also note that based on the jury's "finding" in *Sattazahn*, the matter proceeded to the penalty or sentencing phase. *Sattazahn*, 537 U.S. at 105. In our case, Allen's jury never entered the sentencing phase; it found that the State had not proved the aggravating factors beyond a reasonable doubt. Therefore, under Washington's scheme, no sentencing phase occurred because Allen's jury acquitted him of the aggravating factors; rather, Allen was sentenced for the crime of premeditated murder in the first degree.

The *Sattazahn* Court reasoned in dicta that,

> [i]n the post-*Ring* world, the Double Jeopardy Clause can, and must, apply to some capital-sentencing proceedings consistent with the text of the Fifth Amendment. If a jury unanimously concludes that a State has failed to meet its burden of proving the existence of one or more aggravating circumstances, double-jeopardy

protections attach to that "acquittal" on the offense of "murder plus aggravating circumstance(s)."[7]

*Sattazahn*, 537 U.S. at 112. In Allen's case, the jury did "acquit" him of the aggravating factors.

These cases lead us to the conclusion that once a jury made the finding in Allen's death penalty case that the State had not proved aggravating circumstances beyond a reasonable doubt, it acquitted him of those aggravating circumstances.

Our decision today does not conflict with *State v. Benn*, where a retrial occurred based on an aggravated circumstance for which the jury had not returned a verdict. 161 Wn.2d 256, 165 P.3d 1232 (2007). In the first trial, the jury left the answer blank. The jury made no finding as to the aggravating circumstance. *Benn*, 161 Wn.2d at 264. It was not an implied acquittal. *Benn*, 161 Wn.2d at 264. "A jury's failure to find the existence of an aggravating factor does not constitute an 'acquittal' of that factor for double jeopardy purposes." *Benn*, 161 Wn.2d at 264. Here Allen's jury did not fail to find the existence of an aggravating circumstance. It found no existence of an aggravated circumstance. Therefore, double jeopardy prohibits the retrial of the aggravating factors for which the jury found the State had not proved beyond a reasonable doubt.

Although no Washington case is directly on point, Oregon has addressed the issue indirectly. It observed that, "under *Apprendi*, a jury determination of a sentencing enhancement factor is now part and parcel of a jury trial and we now must view that determination similarly to a jury's decision to acquit or convict." *State v. Sawatzky*, 339 Or. 689, 696, 125 P.3d 722 (2005) (resentencing hearing on "enhanced" sentence before jury after judge initially made determination). We agree with the court in *Sawatzky*.

---

[7] The fact that the Court also opined that this situation would arise when the crime of murder differed from the crime of aggravated murder is not relevant to this discussion.

CONCLUSION

In the capital case against Allen, the jury affirmatively and unanimously found that the State had not proved beyond a reasonable doubt any aggravating circumstances. These aggravating circumstances are the functional equivalent of elements of the crime. The jury's finding is an acquittal of the aggravating circumstances for double jeopardy purposes. The State cannot retry Allen on the aggravating circumstances for which a jury found a lack of proof. We affirm the trial court.

_____
Melnick, J.

We concur:

_____
Johanson, P.J.

_____
Sutton, J.