# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58461-1-II |
| Respondent, | |
| v. | |
| DAVID LE, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—After a search of four properties unveiled an extensive marijuana growing and processing operation, the State charged multiple defendants, including David Le, with unlawful manufacture of marijuana within 1,000 feet of a school bus route stop and unlawful possession of marijuana with the intent to deliver. The State's evidence included hundreds of marijuana plants in various stages of growth, as well as processed marijuana in packages and tubs. Le now appeals his convictions and argues that his convictions for both manufacture of marijuana and possession with intent to deliver marijuana violated double jeopardy. We disagree and affirm.

## FACTS

In November 2017, a community member notified the Thurston County Narcotics Taskforce about a possible marijuana grow operation. In conducting surveillance, the taskforce identified additional properties of concern. The electric company accounts for one property were in David Le's name. The taskforce discovered this property had exorbitant energy consumption, far exceeding average residential costs.

All of the properties the taskforce surveilled had a single-family residence and at least one large outbuilding located on the grounds. While installing surveillance cameras near one of the residences, a taskforce member could smell marijuana. The taskforce member also heard a humming noise, which typically emanates from exhaust fans or lamps used for marijuana grow operations.

When the taskforce searched the properties, it found hundreds of marijuana plants in various stages of growth. The taskforce also found additional expensive equipment commonly used for growing marijuana such as filters, lights, and ballasts. It also located evidence of marijuana processing, which included tubs of drying marijuana buds, as well as multiple packages of prepared marijuana.

The State charged Le with unlawful manufacture of a controlled substance—marijuana, within 1,000 feet of a school bus route stop and unlawful possession of a controlled substance—marijuana, with the intent to deliver. After the jury found Le guilty on both counts, he was sentenced to 90 days in jail on each count, plus 6 months of community custody.

Le now appeals and argues his convictions under RCW 69.50.401 for manufacture of marijuana and possession with intent to deliver marijuana violate double jeopardy.

ANALYSIS

I. DOUBLE JEOPARDY

Double jeopardy protects a defendant from receiving multiple punishments for the "'same offense.'" *State v. Fuller*, 185 Wn.2d 30, 34, 367 P.3d 1057 (2016) (quoting *State v. Linton*, 156 Wn.2d 777, 783, 132 P.3d 127 (2006) (plurality opinion). Even if the defendant did not raise the

issue of double jeopardy at sentencing, they may raise the issue for the first time on appeal. *State v. O'Connor*, 87 Wn. App. 119, 123, 940 P.2d 675 (1997).

Double jeopardy involves a multipart analysis. *State v. Villanueva-Gonzalez*, 180 Wn.2d 975, 980, 329 P.3d 78 (2014). First, we look for clear legislative intent via express language in the statute that permits multiple punishments. *State v. Calle*, 125 Wn.2d 769, 776, 888 P.2d 155 (1995). Second, if we cannot find this clear legislative intent, we apply one of two tests, depending on the nature of the convictions. *In re Pers. Restraint of Davis*, 142 Wn.2d 165, 172, 12 P.3d 603 (2000). If there are multiple convictions for violating "'several statutory provisions,'" we apply the same evidence test. *Id.* (quoting *State v. Adel*, 136 Wn.2d 629, 633, 965 P.2d 1072 (1998)). If the defendant is convicted multiple times for violating a single statutory provision, we apply the unit of prosecution test. *Id.* Finally, the results of the same evidence test can be overcome but only by "clear evidence of [a] contrary [legislative] intent." *Calle*, 125 Wn.2d at 780.

A.      The Same Evidence Test is Appropriate Here

RCW 69.50.401(1) provides that except as authorized by law, "it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance." Le contends that because the prohibitions against manufacturing a controlled substance and possessing a controlled substance with the intent to deliver both appear in the same statutory subsection, we should apply the unit of prosecution test and conclude that convictions for both of these crimes violate double jeopardy where Le engaged in only a single course of conduct. But the Washington Supreme Court has instead applied the same evidence test to this pair of crimes.

In *State v. Maxfield*, 125 Wn.2d 378, 401, 886 P.2d 123 (1994), the Washington Supreme Court was faced with the same issue presented here: whether Maxfield's two convictions under

RCW 69.50.401 for manufacture of a controlled substance (marijuana) and possession with intent to deliver a controlled substance (marijuana) violated double jeopardy. A Clallam County Public Utility District employee suspected and reported the grow operation in *Maxfield* because of the residence's high energy consumption. *Id.* at 382. At the residence, a private investigator who was asked to assist the investigation alongside the Clallam County Drug Task Force smelled marijuana and observed mildew, an air filtration device, and potting soil. *Id.* at 383. When the task force searched the property, it located 5,200 grams of growing marijuana, as well as packaged marijuana. *Id.* at 399.

The *Maxfield* court applied the same evidence test, not the unit of prosecution test, to the exact crimes at issue in this case. *Id.* at 400. In its analysis, the court considered that the manufacturing required proof of "planting, cultivation, growing, or harvesting," while possession with intent to deliver required proof of the intent to deliver. *Id.* at 401. The court found each of these offenses included an element not included by the other, so the offenses were different in law. *Id.*

Le argues that these two crimes are actually alternative means of violating the same statute, RCW 69.50.401, and thus, we should apply the unit of prosecution test. But the Washington Supreme Court did not do so in *Maxfield*, even though the crimes were part of the same statutory section, and we are bound by that decision.

Further, under *Maxfield*'s application of the same evidence test, convictions for manufacture of marijuana and possession of marijuana with the intent to deliver do not violate double jeopardy. Possession of a controlled substance with intent to deliver requires proof of intent to deliver while manufacture of a controlled substance requires proof of "the production,

preparation, propagation, compounding, conversion, or processing of a controlled substance." RCW 69.50.101(32)[1]. Each of these offenses has an element not included by the other, making them different in law. *Maxfield*, 125 Wn.2d at 401. Further, like in *Maxfield*, the presence of plants, operation equipment, and energy bills supported the manufacture count in this case, but this evidence of a grow operation does not necessarily prove an intent to deliver. *Id.* at 400. Instead, the processed and packaged marijuana was evidence of intent to deliver. *Id.* at 403. The offenses are different in both law and fact, so Le's convictions for each are not barred by double jeopardy under the same evidence test.

Le does not contend any other elements of the double jeopardy analysis render Le's convictions invalid on double jeopardy grounds. Therefore, we conclude that Le's convictions do not violate double jeopardy.

## CONCLUSION

We affirm.

---

[1] We cite the current version of the statute as the relevant language has not changed.

No. 58461-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, J.

We concur:

LEE, J.

CRUSER, C.J.

6